IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) NO. 3-06-MD-1760
) JUDGE CAMPBELL
This Document Relates To Case Number: )
3:06-0551 (Simmons) )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 3509). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Clarissa Simmons alleges that her deceased husband, James Simmons, developed osteonecrosis of the jaw ("ONJ") as a result of taking Novartis' drugs Aredia and Zometa. She alleges claims for failure to warn and design defect. Defendant has moved for summary judgment on all Plaintiff's claims.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

CAUSATION

The parties do not dispute that Maryland law applies to the diversity action. Under Maryland law, medical causation (whether Aredia and/or Zometa caused Mr. Simmons' injuries) is an essential element of all Plaintiff's claims. *Foster v. American Home Products Corp.*, 29 F.3d 165, 168 (4th Cir. 1994) (regardless of the recovery theory, plaintiff in product litigation must prove a causal relation between the defect and the injury).

Plaintiff has the burden of showing that Defendant's product(s) generally can cause ONJ and also that Defendant's product(s) specifically caused Mr. Simmons' ONJ. *Giddings v. Bristol-Myers Squibb Co.*, 192 F.Supp.2d 421, 423 (D. Md. 2002). To satisfy this burden, expert testimony is necessary. *Id*.

This Court has previously found that there are genuine issues of material fact as to whether Aredia and/or Zometa generally cause ONJ, and that ruling applies here. Defendant argues, however, that Plaintiff has no specific causation expert testimony in this case.

Because the Court has excluded any proposed specific causation testimony from Plaintiff's retained expert, Dr. Gutman, and from Plaintiff's non-retained treating physicians, Plaintiff has not

carried her burden of establishing specific causation; that is, she has not offered admissible expert proof that Defendant's product(s) caused Mr. Simmons' specific injury. Therefore, the Court must find that Plaintiff has not shown specific causation, which is a necessary element to all her causes of action.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 3509) is GRANTED, and this action is DISMISSED. The Court need not address Defendant's other arguments.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE